UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHRISTOPHER BRIAN CARROLL,

Petitioner,

v.

ROBERT MUNDT,

Respondent.

Civil No. 00-2137 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner was convicted several years ago in the U.S. District Court for the District of New Hampshire under 18 U.S.C. § 2251(a), a federal child pornography statute. He was sentenced to 96 months in federal prison, to be followed by a 3-year term of

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

SEP 21 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

supervised release. Petitioner is presently serving his federal prison sentence at the Federal Correctional Institution in Waseca, Minnesota.

Following his conviction, Petitioner filed a direct appeal in the First Circuit Court of Appeals. His conviction and sentence were affirmed by the Court of Appeals, and the U.S. Supreme Court denied his subsequent petition for a writ of certiorari. U.S. v. Carroll, 105 F.3d 740 (1st Cir.), cert. denied, 520 U.S. 1258 (1997). Sometime thereafter, Petitioner again sought relief from his conviction, this time by filing a motion with the trial court pursuant to 28 U.S.C. § 2255. That motion was denied, and Petitioner's conviction was once more upheld. (Petition, [Docket No. 1], p. (4), ¶ 12.)

In his present application for habeas corpus relief, Petitioner is seeking review of his federal criminal case yet again. He now claims that (1) the indictment that preceded his trial and conviction was defective because it failed "to state facts which prove the elements of the alleged offense," (2) his conviction was based on evidence that the prosecutor knew was false, (3) the trial court lacked jurisdiction over his criminal case, (4) the statute under which he was convicted is unconstitutional, and (5) he received ineffective assistance of counsel at trial. (Petition, pp. 3-4, ¶ 9.) The Court concludes, however, that Petitioner's current claims cannot be entertained on the merits here, and that his petition must be summarily dismissed, for the reasons discussed below.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly trying to overturn his convictions and sentence. Therefore, his present petition is barred by § 2255's exclusive remedy rule.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so at least once before. Any § 2255 action that he might now attempt to pursue would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255

(final paragraph).[2]

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the instant Petitioner has not obtained a pre-authorization order from the First Circuit Court of Appeals, the trial court judge could

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

not entertain a new § 2255 motion at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It appears that Petitioner may have deliberately elected to seek relief under the habeas corpus statute, believing that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his convictions in a habeas proceeding, because he is not presently eligible for relief under § 2255. Such reasoning, however, is clearly erroneous.

The rules barring successive § 2255 motions would be rendered meaningless if a prisoner whose claims were procedurally barred could simply argue that the remedy provided by § 2255 had become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition or some other form of action. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Thus, it is not surprising that our Court of Appeals has recently confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d

34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 120 S.Ct. 1208 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

Thus, the Court concludes that Petitioner cannot challenge the validity of his original conviction and/or sentence in his present habeas corpus petition. Such challenges can be raised only in a motion brought under § 2255. The instant petition, which directly challenges the validity of Petitioner's criminal prosecution, must therefore be summarily denied. It will be recommended, however, that the petition be dismissed without prejudice, so that Petitioner will still have the option of asking the First Circuit Court of Appeals to enter a pre-authorization order, pursuant to 28 U.S.C. § 2244(b), which would allow him to file another § 2255 motion with the trial court judge.[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

Dated: September 21, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

---

[3] Petitioner should not misconstrue this recommendation as an encouragement to bring a motion seeking permission to file another § 2255 motion in the trial court. As far as this Court can discern, Petitioner will not be able to satisfy any of the conditions for obtaining a pre-authorization order. See 28 U.S.C. § 2244(b)(2). That, however, is a matter for the First Circuit to decide, if Petitioner brings a proper motion before that Court.

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.